**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**CHAMBERS OF**
**TIMOTHY J. SULLIVAN**
**UNITED STATES MAGISTRATE JUDGE**

**6500 Cherrywood Lane**
**Greenbelt, Maryland 20770**
**Telephone: (301) 344-3593**

June 23, 2020

LETTER TO COUNSEL:

RE: *Richard B. v. Andrew M. Saul, Commissioner of Social Security*
Civil Case No. TJS-19-1893

Dear Counsel:

On June 27, 2019, Plaintiff Richard B.[1] petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits ("DIB"). (ECF No. 1.) The parties have filed cross-motions for summary judgment. (ECF Nos. 11 & 12.) These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[2] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Acting Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will grant the Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

In his application for DIB, Richard B. alleged a disability onset date of May 6, 2011.[3] (Tr. 379.) His application was denied initially and on reconsideration. (Tr. 103-10, 114-17.) A hearing was held before an Administrative Law Judge ("ALJ") on March 19, 2019, (Tr. 396-422), and the ALJ found that Richard B. was not disabled under the Social Security Act prior to July 17, 2017 (Tr. 379-390). Richard B. seeks review of the ALJ's decision dated March 19, 2019.

The ALJ evaluated Richard B.'s claim for benefits using the five-step sequential evaluation

---

[1] On October 10, 2018, the Court's bench adopted a local practice of using the first name and last initial of non-government parties in Court-issued opinions in Social Security cases. This practice is designed to shield the sensitive personal information of Social Security claimants from public disclosure.

[2] This case was previously assigned to Magistrate Judge Deborah L. Boardman. On March 4, 2020, the case was reassigned to me.

[3] This is the second time this case has come before this Court. Richard B. previously filed applications for supplemental security income ("SSI") and DIB. After a denial of benefits, Richard B. filed an appeal to this Court. *See Richard B. v. Berryhill*, ADC-17-2516. On June 27, 2017, Magistrate Judge A. David Copperthite filed a Memorandum Opinion remanding the case. (ECF No. 16 in ADC-17-2516.) While on remand, Richard B. filed a new application for SSI and his claim was approved. This appeal relates only to Richard B.'s claim for DIB prior to July 17, 2017.

process set forth in 20 C.F.R. § 416.920. At step one, the ALJ found that Richard B. has not engaged in substantial gainful activity since May 6, 2011, the alleged onset date. (Tr. 381.) At step two, the ALJ found that Richard B. suffered from the following severe impairments: depressive disorder, intellectual disorder, and anxiety disorder. (Tr. 382.) At step three, the ALJ found Richard B.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). (Tr. 382-385.) Considering Richard B.'s impairments, the ALJ determined that he retained the residual functional capacity ("RFC"):

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: he can understand, remember, and carry out simple instructions; he can perform jobs that do not require him to follow written instructions or produce written work product; he requires special supervision 1 to 2 times out of an 8-hour workday to check his work progress and completion due to his reading deficit; and he can tolerate occasional changes in the workplace due to his reading deficit.

(Tr. 385.)

At step four, the ALJ determined that Richard B. was capable of performing past relevant work as a salvage laborer. (Tr. 390.) Therefore, the ALJ found that Richard B. was not disabled under the Social Security Act prior to July 17, 2017. (*Id.*)

Richard B. presents two following arguments in this appeal: (1) that the ALJ's RFC determination does not comply with *Mascio*, 780 F.3d 632, and (2) that the ALJ failed to ask the vocational expert if there were conflicts between his testimony and the Dictionary of Occupational Titles. Neither of these arguments have merit.

Richard B.'s first argument is that the ALJ did not again evaluate his moderate impairments in maintaining concentration, persistence, and pace in accordance with *Mascio*, 780 F.3d 632. He argues that the limitations that the ALJ incorporated into the RFC are equivalent to those that *Mascio* found to be insufficient.

In *Mascio*, the Fourth Circuit held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the [claimant] to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). This is because "the ability to perform simple tasks differs from the ability to stay on task." *Id.* Where an ALJ finds that a claimant has limitations in concentration, persistence, and pace, the ALJ is required to incorporate these limitations into the claimant's RFC or explain why they do not "translate into [such] a limitation." *Id.*

Here, the ALJ complied with *Mascio*'s requirements. After determining that Richard B. had moderate limitations in maintaining concentration, persistence, and pace, she accounted for these limitations in the RFC:

> I find that he can understand, remember, and carry out simple instructions; he can

> perform jobs that do not require him to follow written instructions or produce written work product; he requires special supervision 1 to 2 times out of an 8-hour workday to check his work progress and completion due to his reading deficit; and, he can tolerate occasional changes in the workplace due to his reading deficit. Notably, limiting the claimant to only simple, verbal instructions and providing him with special supervision 1 to 2 times per day will account for his limitations in concentration, persistence, and pace. Specifically, the claimant will not be required to struggle with written instructions and therefore he will be able to focus his attention on his tasks. Moreover, the special supervision will ensure that the claimant is working at an appropriate pace and completing tasks in a timely manner.

(Tr. 388.)

This explanation is sufficient because it incorporates Richard B.'s limitations in concentration, persistence, and pace into the RFC and explains how they are accounted for with reference to evidence in the record. *See Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020) ("Here, the ALJ discussed in detail the psychological evaluations . . ., as well as Shinaberry's adult function report, and sufficiently explained why he mental limitation to simple, routine, and repetitive tasks accounted for [the claimant's] moderate limitations in concentration, persistence, and pace."). Richard B.'s first argument is without merit.

Richard B.'s second argument is that the ALJ's step four finding is flawed because the ALJ did not resolve a conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT"). (ECF No 11-1 at 5.) Specifically, he argues that the VE's testimony (that he could perform his past relevant work of salvage laborer) conflicts with the DOT (which classifies this position at a reasoning level of two). (*Id.*) Because the ALJ found that Richard B. was functionally illiterate, he argues that he is unable to perform work classified at a reasoning level of two. But the DOT's definition of the reasoning requirements for a salvage laborer only requires a person to "[a]pply commonsense understanding to carry out detailed but uninvolved written *or oral instructions*. Deal with problems involving a few concrete variables in or from standardized situations." Dictionary of Occupational Titles 929.687-022, 1991 WL 688172 (emphasis added). Because this job can be performed by following oral instructions, Richard B.'s functional illiteracy would not have prevented him from performing it.

Moreover, there is substantial evidence that Richard B. was not required to read when he performed his past relevant work as a recycler (which the VE properly classified as a salvage laborer). In Richard B.'s prior testimony and reports about his past work as a recycler he indicated that the job required him to carry bins of paper and dump them into vats of water (Tr. 63-64, 269). He did not indicate that he had to follow written instructions. *Social Security Ruling* (SSR) 82-62, 1982 WL 31386, *3 (S.S.A.) ("The claimant is the primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining the skill level; exertional demands and nonexertional demands of such work.") Richard B. cites no evidence to support his contention that his past work as a recycler, as actually performed, required him to carry out written instructions, or is otherwise inconsistent with the RFC finding. Accordingly, the Court rejects his second argument.

For the reasons set forth herein, Richard B.'s Motion for Summary Judgment (ECF No. 11) will be **DENIED**, and the Commissioner's Motion for Summary Judgment (ECF No. 12) will be **GRANTED**. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge